**ROLANDO DEVERA, RAUL BIAGTAN, HENRY CUISON,
BERNARD BOTON, RODRIGO CUARESMA, NELSON RAPINAN,
and NOLI FERNANDEZ, Plaintiffs**

**v.**

**TONG SHENG CO., LTD.**
**Defendant**

High Court of American Samoa
Trial Division

CA No. 8-90

March 21, 1990

Before REES, Associate Justice, TAUANU'U, Chief Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Plaintiffs, Charles V. Ala'ilima
For Defendant, John L. Ward II

On Motion to Dismiss:

Plaintiffs are Philippine nationals who were hired in the Philippines to work on a fishing boat operating out of American Samoa. They allege that the person who hired them was an agent of the defendant company, and that another representative of the defendant company assigned them to a particular vessel. They further allege that they were subjected to various forms of abuse including being "routinely beaten."

Defendant moves to dismiss on the ground that the action lacks "sufficient minimum contacts" with American Samoa to give the High Court jurisdiction, or in the alternative that American Samoa is not a convenient forum for the litigation. We disagree. Plaintiffs were flown

98

to American Samoa, allegedly by the defendant, to begin their employment. The voyages on which the alleged atrocities took place both began and ended in American Samoa. Pago Pago is alleged to be the home port of the vessel in question. Contrary to a suggestion by defendants, it is by no means clear that systematic and intentional wrongdoing of the sort alleged in the complaint would not "involve the peace or dignity of the country, or the tranquility of the port"[1] used by the wrongdoers as a base of operations.

Defendant also claims that it is the agent of plaintiffs' employers rather than vice versa. This is a disputed question of fact that cannot form a basis for dismissal at this stage of the proceeding. Plaintiffs cannot be expected to know the precise relationships among the person with whom plaintiffs signed their contracts in the Philippines, the defendant company, and the owner(s) of the vessel until they have completed their discovery. (Plaintiffs' motion for leave to amend their complaint when they do learn such details is premature and will presumably be renewed when and as necessary.)

The motion to dismiss is denied.

---

[1]     *Lauritzen v. Larsen*, 345 U.S. 571, 578 (1952) (quoting *R. v. Jameson*, [1896] 2 QB 425, 430). In *Lauritzen*, which concerned negligence rather than intentional misconduct, the Court did not dismiss the action but merely applied Danish rather than American law.